UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAYZON GRIFFIN,

Plaintiff,

v.

K. PRATHER, et al.,

Defendants.

Case No. 2:26-cv-2298-JDP (P)

ORDER

Plaintiff, a state prisoner, has filed a complaint alleging that defendants R. Prather, S. Caplick,[1] and J. Vina violated his First Amendment rights by retaliating against him for filing a grievance. ECF No. 1 at 4. He also claims that they violated his due process rights. *Id.* at 5-6. After review of the complaint, I find that plaintiff's First Amendment retaliation claims are suitable to proceed past screening. By contrast, his due process claims are not. Accordingly,

[1] It is difficult to tell what the correct spelling of this defendant's name is. In the caption of the complaint and, on the docket, it is listed as "Caplicr." In most of the complaint, however, it appears that the correct spelling is "Caplick." I will direct that this spelling be used on the docket.

plaintiff must choose whether to serve only the viable claims, or delay serving any defendant and file an amended complaint. Additionally, I will grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I. Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

Plaintiff alleges that, in "mid to late" 2024, he filed a grievance concerning an unspecified deprivation of personal property. ECF No. 1 at 4. He claims that, after learning he had filed this grievance, defendants Prather and Caplick conspired to file a false rules violation report against him. *Id.* at 4-5. Then, plaintiff alleges that these defendants, colluding with defendant Vina, acted to violate his due process during the subsequent disciplinary proceedings and find him guilty at both the original hearing and a rehearing. *Id.* at 5-8. He claims that these disciplinary proceedings contributed to a parole denial. *Id.* at 7-8. Plaintiff states, however, that his conviction was ultimately overturned by the Office of Appeals. *Id.* at 8.

Based on these allegations, I find that plaintiff's First Amendment retaliation claims are viable to proceed against all three defendants. By contrast, his due process claims are non-viable because his disciplinary conviction was, ultimately, overturned. *See Randolph v. Sandoval*, No. 1:18-cv-00968-LJO-BAM (PC), 2019 U.S. Dist. LEXIS 96338, *17-18 (E.D. Cal. June 7, 2019).

Plaintiff may either proceed only with the claims deemed cognizable in this order, or delay serving any defendant and file an amended complaint. If he elects to file an amended complaint, he is advised that it must be complete in itself, filed on the form included with this order, and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the First Amendment claims against the named defendants or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant. If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for the aforementioned defendants.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3. The Clerk of Court shall send plaintiff a complaint form with this order.

4. The Clerk of Court shall alter the docket to reflect that defendant "S. Caplicr" is appropriately "S. Caplick."

IT IS SO ORDERED.

Dated: July 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE